**Alan TAUB, Plaintiff, Appellant,**

v.

**Anthony FRANK, Defendant, Appellee.**

**No. 91–1689.**

United States Court of Appeals,
First Circuit.

Heard Jan. 7, 1992.

Decided Feb. 18, 1992.

---

Cornelius J. Sullivan with whom Brenda E.W. Sullivan, Mattapan, Mass., was on brief, for appellant.

Annette Forde, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before BREYER, Chief Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Appellant Alan Taub was employed as a distribution clerk by the United States Postal Service from 1980 until October 3, 1987, when he was terminated for "possession of heroin and possession of heroin with intent to distribute." Taub admits to having used drugs, including heroin, on a regular basis since approximately 1983. It was during 1983 that Taub became acquainted with William Nice, a fellow Postal Service employee and alleged drug user and distributor. After Nice was arrested on a drug-related charge in May 1987, he informed a Postal Inspector that Taub had been *supplying* Nice and another Postal Service employee with heroin. During the

ensuing criminal investigation, Taub was observed buying drugs for Nice and later was charged with possession of heroin, possession with intent to distribute and conspiracy.[1]

Immediately after his arrest, Taub was notified that the Postal Service intended to discharge him for "possession of heroin and possession of heroin with intent to distribute." Thereafter, Taub informed the Postal Service that he was a handicapped individual by reason of his drug addiction. Taub concedes that he never informed the Postal Service of his drug addiction, nor requested rehabilitative assistance, until after he was notified that the Postal Service intended to discharge him from employment.

Taub appealed the termination through the appropriate union arbitration process and filed a handicap discrimination complaint with the Postal Service Equal Employment Opportunity Office. The arbitrator found just cause for Taub's discharge and the Equal Employment Office found that he had not been discriminated against because there was a legitimate, non-pretextual reason for terminating his employment. Taub appealed to the Merit Systems Protection Board ("MSPB"), which affirmed the discharge for possessing heroin and possessing heroin with intent to distribute, on the ground that it served to "promote[ ] the efficiency of the service." The MSPB further found that the "egregious conduct" of distributing illegal drugs precluded Taub from the protection of the Rehabilitation Act, 29 U.S.C. § 794(a) (otherwise: "the Act"), as a "qualified handicapped employee."

Taub sought judicial review on the handicap discrimination claim in the United States District Court for the District of Massachusetts.[2] After hearing, the district court granted summary judgment in favor of the defendant-appellee, the Postmaster General, on the ground that Taub's criminal conduct placed him outside the protec-

---

1. In December 1987, Taub pled guilty to possessing heroin and was sentenced to a one-year probationary term. The remaining charges were dismissed.

2. Although Taub initially sought judicial review in the district court on various other claims as well, only the Rehabilitation Act claim was pressed.

tion of the Act, notwithstanding the fact that Taub otherwise would have been a "qualified handicapped individual" due to his drug addiction. Taub appeals the grant of summary judgment. Our review is *de novo. See, e.g., Siegal v. American Honda Motor Co.*, 921 F.2d 15, 17 (1st Cir. 1990); *see also* 5 U.S.C. § 7702.

■ The Rehabilitation Act requires that:

No otherwise qualified individual with handicaps ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity ... conducted ... by the United States Postal Service.

29 U.S.C. § 794(a). Federal regulations define a "qualified handicapped person" as one who, "with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others...." 29 C.F.R. § 1613.702 ). The plaintiff bears the initial burden of establishing that he is entitled to protection under the Act. *Pushkin v. Regents of Univ. of Colo.*, 658 F.2d 1372, 1385 (10th Cir.1981) (plaintiff must make *prima facie* showing that he was "otherwise qualified," within the meaning of the Act, and that the adverse employment action was taken solely because of his handicap). Assuming, without deciding, that Taub's drug addiction constituted a "handicap," within the meaning of the Act,[3] we nonetheless find that he failed to make the required *prima facie* showing that he was within the protection of the Act.

First, the record establishes that Taub was not "able to meet all [Postal Service] requirements in spite of his handicap," *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361,

2367, 60 L.Ed.2d 980 (1979) ("An otherwise qualified person is one who is able to meet all of a[n agency's] requirements in spite of his handicap"), and that no "reasonable accommodation" of Taub's handicap could be made without "sacrificing the integrity" of the Postal Service's employment standards, *see Wynne v. Tufts Univ. School of Medicine*, 932 F.2d 19, 24 (1st Cir.1991) (en banc) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1261 (5th Cir.1988) (qualifying the "arguably absolutist principles of *Davis*" by requiring that "otherwise qualified" be defined not simply in light of existing program requirements but in light of "reasonable accommodation" as well). Thus, Taub was not a "qualified handicapped person" within the meaning of the Act.

■ The Postal Service requires that its employees be "honest, reliable, trustworthy ... and of good character and reputation," and specifically prohibits its employees from engaging "in criminal ... conduct...." Postal Service Employee Relations Manual § 666.2 & 661.53. It is not the function of the federal courts to evaluate the appropriateness of agency employment standards but only to safeguard against "arbitrary, capricious or otherwise unlawful" standards. *Sanders v. United States Postal Service*, 801 F.2d 1328, 1333 (Fed.Cir.1986) ("it has ... long [been] held that agencies are vested by law with the discretionary authority and responsibility to determine what is necessary for their efficiency in discharging the missions assigned to them").

The MSPB supportably found, and Taub does not dispute, that he engaged in criminal conduct both by possessing heroin and by distributing it.[4] Criminal conduct which undermines "[p]ublic confidence in the integrity of the mails" has been determined "inconsistent with the trust and confi-

---

**3.** Subsequent to the entry of summary judgment, the Act was amended to make clear that an individual "who is currently engaging in the illegal use of drugs, when a covered entity acts on the basis of such use," is not covered by the Act. 29 U.S.C. § 706(8)(C)(i) (1990).

**4.** These MSPB findings are not undermined by the fact that Taub was only convicted of possess-

ing heroin, and not of distributing it. *See, e.g., Polcover v. Secretary of Treasury*, 477 F.2d 1223, 1231–1232 (D.C.Cir.1973) (acquittal on parallel criminal charge does not preclude determination by Civil Service Commission that "substantial evidence" supported charge of accepting bribes and failing to report bribe offers).

dence" legitimately required of Postal Service employees. *Sanders*, 801 F.2d at 1332 (dismissal for off-duty drug sale); *see also Parker v. United States Postal Service*, 819 F.2d 1113 (Fed.Cir.1987) (dismissal for off-duty cocaine sale to co-worker); *cf. Borsari v. Federal Aviation Administration*, 699 F.2d 106 (2d Cir.), *cert. denied*, 464 U.S. 833, 104 S.Ct. 115, 78 L.Ed.2d 115 (1983) (dismissal for off-duty possession and sale of marijuana; possession of cocaine); *Masino v. United States*, 589 F.2d 1048, 218 Ct.Cl. 531 (1978) (removal of customs officer for off-duty marijuana use). Furthermore, such conduct could not be accommodated by the Postal Service without a "substantial modification" of its requirements. *Cf. Copeland v. Philadelphia Police Dept.*, 840 F.2d 1139, 1148–49 (3d Cir.1988), *cert. denied*, 490 U.S. 1004, 109 S.Ct. 1636, 104 L.Ed.2d 153 (1989) (police officer not within protection of Rehabilitation Act since use of drugs could not be accommodated without "substantial modification" of an essential function of police department and without compromising its integrity). Thus, Taub's criminal conduct was a sufficient basis upon which to conclude that he was not a "qualified handicapped person."

█ The second reason Taub is not within the protection of the Rehabilitation Act is that he was not discharged from employment "solely by reason of his handicap"—for drug addiction—nor even for mere possession of heroin, but rather for possessing heroin for *distribution*. Whatever force there may be in the contention that Taub's heroin addiction, and addiction-related criminal possession of heroin, would not remove him from the protection of the Act, is simply too attenuated when extended to encompass an addiction-related possession of heroin for *distribution*.

Thus, we are unable to agree that Taub made the required *prima facie* showing that he was entitled to protection under the Rehabilitation Act. Summary judgment was therefore appropriate. *See Cartagena v. Secretary of the Navy*, 618 F.2d 130, 134 (1st Cir.1980) (summary judgment appropri-ate if plaintiff does not present sufficient evidence to permit inference of illegal discrimination).

█ Taub asserts, alternatively, that the Postal Service violated the Act before he ever engaged in the criminal conduct for which he was discharged, since it failed to offer him the opportunity to avail himself of drug rehabilitation when it first received information concerning his drug use. Instead, the Postal Service undertook the undercover investigation that eventually led to Taub's arrest on heroin charges. Taub contends that the "reasonable accommodation" requirement mandated that the Postal Service offer him drug rehabilitation in advance of any criminal investigation. *See Ruzek v. G.S.A.*, 7 MSPB 307, 7 M.S.P.R. 437, 444 (1981) ("in order to afford reasonable accommodation to an employee who is handicapped [by drug addiction], an agency must offer the employee rehabilitative assistance ... before initiating any disciplinary action"). Once again, we must disagree.

For one thing, Taub concedes that he never informed the Postal Service of his drug addiction until long after the criminal investigation had been completed. For another thing, the Postal Service asserts, without contradiction, that it did not learn that Taub used heroin until it received the information that he had been *distributing* heroin to Nice and another Postal Service employee. At least by that time, we have no doubt, the Postal Service had a legitimate interest in investigating alleged criminal violations by its employees. Moreover, since investigative substantiation of the reported criminal activity would establish that Taub was not a "qualified handicapped" individual, as discussed above, and an uninvited offer of "rehabilitation" at that juncture would surely compromise the criminal investigation, we are not persuaded that "reasonable accommodation" required that the Postal Service suspend any investigation of illegal drug distribution pending rehabilitative assistance to criminal suspects in its employ.[5] *Cf. Cope-*

---

5. Finally, Taub complains that he was accorded disparate treatment, since Nice was not dis-

*land,* 840 F.2d at 1449 (police officer who used drugs was properly removed without offer of rehabilitation); *Hougens v. United States Postal Service,* 38 M.S.P.R. 135, 144 n. 10 (1988) (limiting Postal Service obligation "to offer rehabilitative assistance before initiating adverse action for misconduct or performance problems caused by drug addiction or alcoholism to circumstances where an employee's continuing performance of essential and fundamental job functions remains unaffected"). The grant of summary judgment in favor of the defendant-appellee must be affirmed.

*Affirmed.*

missed despite similar drug activities. However, Taub does not indicate what bearing, if any, the disparate treatment of a "similarly handicapped" individual has on his own claim under the Rehabilitation Act which is intended "to assure that handicapped individuals receive 'evenhanded treatment' in relation to *nonhandicapped* individuals". *Traynor v. Turnage,* 485 U.S. 535, 548, 108 S.Ct. 1372, 1382, 99 L.Ed.2d 618 (1988) (emphasis added). Moreover, the gravamen of the disparate treatment claim, judging by the authority on which Taub relies, is not that it violated the Rehabilitation Act but that it constituted inappropriate punishment. *See* 5 U.S.C. § 7701(c); *Weiss v. United States Postal Service,* 700 F.2d 754, 758–759 (1st Cir. 1983) (punishment meted out by agency subject to review for "abuse of discretion"). Insofar as Taub's disparate treatment claim contends that the punishment was inappropriate, it has been waived by failure to preserve the issue in the district court. *See Clauson v. Smith,* 823 F.2d 660, 666 (1st Cir.1987) (argument not preserved in district court may not be raised on appeal) (citing cases).