[No. B135287. Second Dist., Div. Five. Dec. 7, 1999.]

COUNTY OF LOS ANGELES et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

## COUNSEL

Julian R. Warner and Ronald P. Kaplan for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

## OPINION

**TURNER, P. J.**—Defendant, Pedro Rosado, purports to appeal from an order fixing the amount of a preliminary injunction bond. Because such an order did not appear to be appealable, we issued an order to show cause concerning possible dismissal of the appeal. (*Jennings* v. *Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074]; *Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720].) We conclude the order fixing the amount of the preliminary injunction bond is not separately appealable as matters now stand.

Defendant had previously appealed from an order granting a preliminary injunction request. In connection with that appeal, citing the decision authored by our colleague, Associate Justice Art W. McKinster, *ABBA Rubber Co.* v. *Seaquist* (1991) 235 Cal.App.3d 1, 10-15 [286 Cal.Rptr. 518], defendant argued that the amount of the preliminary injunction bond was inadequate to meet the requirements imposed by Code of Civil Procedure section 529, subdivision (a).[1] In an unpublished decision, we upheld the order granting the preliminary injunction request of various plaintiffs. However, we agreed with defendant's argument that the amount of the preliminary injunction bond was insufficient given the uncontroverted evidence before the trial court as to the possible damages he would suffer if it turned out no injunctive relief should have been granted to plaintiffs prior to trial. We reversed the order setting the amount of the undertaking and remanded for a redetermination as to the amount of the preliminary injunction bond. (*County of Los Angeles* v. *City of Los Angeles* (Feb. 1, 1999) B115248 [nonpub. opn.].)

---

[1]Code of Civil Procedure section 529, subdivision (a) states: "On granting an injunction, the court or judge must require an undertaking on the part of the applicant to the effect that the applicant will pay to the party enjoined any damages, not exceeding an amount to be specified, the party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled to the injunction. Within five days after the service of the injunction, the person enjoined may object to the undertaking. If the court determines that the applicant's undertaking is insufficient and a sufficient undertaking is not filed within the time required by statute, the order granting the injunction must be dissolved." All further statutory references are to the Code of Civil Procedure.

Upon issuance of the remittitur, on July 12, 1999, the trial court reconsidered its prior order and raised the amount of the undertaking. However, defendant remained dissatisfied and, on September 10, 1999, filed a notice of appeal from the order setting the amount of the undertaking. On October 8, 1999, defendant filed a supersedeas petition seeking to stay the order setting the amount of the undertaking. We summarily denied the supersedeas petition challenging the amount of the undertaking. (*County of Los Angeles* v. *City of Los Angeles* (Oct. 14, 1999) B135287 [nonpub. opn.].)

The right to appeal is statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 33-34 [164 Cal.Rptr. 1, 609 P.2d 468] ["a judgment or order is not appealable unless expressly made so by statute"]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] ["a party possesses no right of appeal except as provided by statute"].) An order fixing the amount of a preliminary injunction bond is not listed in section 904.1.[2] No doubt in the prior appeal where we affirmed the order granting a preliminary injunction, we had the authority

---

[2] Section 904.1 states: "(a) An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following: [¶] (1) From a judgment, except (A) an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), (B) a judgment of contempt that is made final and conclusive by Section 1222, or (C) a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or the superior court in a county in which there is no municipal court or the judge or judges thereof that relates to a matter pending in the municipal or superior court. However, an appellate court may, in its discretion, review a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition, or a judgment or order for the payment of monetary sanctions, upon petition for an extraordinary writ. [¶] (2) From an order made after a judgment made appealable by paragraph (1). [¶] (3) From an order granting a motion to quash service of summons or granting a motion to stay or dismiss the action on the ground of inconvenient forum. [¶] (4) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict. [¶] (5) From an order discharging or refusing to discharge an attachment or granting a right to attach order. [¶] (6) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction. [¶] (7) From an order appointing a receiver. [¶] (8) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting. [¶] (9) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made. [¶] (10) From an order made appealable by the provisions of the Probate Code or the Family Code. [¶] (11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (12) From an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (b) Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

to consider the issue of the sufficiency of the undertaking. In that case, we had appellate jurisdiction because section 904.1, subdivision (a)(6) explicitly provides that an appeal may be taken from an order "granting . . . an injunction . . . ." We were obligated to consider the issue of the amount of the injunction bond in the prior appeal because of the provisions of section 906.[3] Section 906 required that we examine "any . . . order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . ." (See *In re Matthew C.* (1993) 6 Cal.4th 386, 396 [24 Cal.Rptr.2d 765, 862 P.2d 765]; *Gonzalez* v. *State Personnel Bd.* (1995) 33 Cal.App.4th 422, 435 [39 Cal.Rptr.2d 282].) The amount of the bond certainly was a matter which affected the "order" under review imposing a preliminary injunction; hence, we could reach the question of the propriety of the amount of the undertaking prior to the entry of a final judgment.

However, the present appeal only involves the limited issue of the amount of the undertaking. Defendant has quite correctly raised no issue as to the preliminary injunction order itself because we resolved that question in the first appeal. Any issue as to the correctness of the preliminary injunction is subject to the law of the case doctrine. (*People* v. *Massie* (1998) 19 Cal.4th 550, 573 , fn. 5 [79 Cal.Rptr.2d 816, 967 P.2d 29]; *Kowis* v. *Howard* (1992) 3 Cal.4th 888, 894-895 [12 Cal.Rptr.2d 728, 838 P.2d 250].) Defendant does not contend otherwise. As noted previously, section 904.1 does not list an order setting the amount of a preliminary injunction undertaking as an appealable matter. Moreover, defendant has not cited us to any other statute which would create appellate jurisdiction. We conclude that there is no statutory authority permitting an appeal under the circumstances of this case.

However, defendant argues that the decision of *Vangel* v. *Vangel* (1953) 116 Cal.App.2d 615, 632 [254 P.2d 919], an opinion discussing a postjudgment order setting an undertaking designed to stay a conveyance on appeal, is controlling. There is no merit to this contention. *Vangel* did not involve an issue of the appealability of a preliminary injunction bond order when there was no challenge to the injunctive relief itself. *Vangel* does not address the issue before us.

---

[3]Section 906 states in part: "Upon an appeal pursuant to Section 904.1 or 904.2, the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party, including, on any appeal from the judgment, any order on motion for a new trial, and may affirm, reverse or modify any judgment or order appealed from and may direct the proper judgment or order to be entered, and may, if necessary or proper, direct a new trial or further proceedings to be had."

The appeal is dismissed. Plaintiffs are to recover their costs incurred in connection with this appeal from defendant, Pedro Rosado.

Godoy Perez, J., and O'Neill, J.,* concurred.

---

*Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.