Filed 11/17/22  Kuigoua v. State Personnel Board CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ARNO PATRICK KUIGOUA, | |
| Plaintiff and Appellant, | C094164 |
| v. | (Super. Ct. No. 34-2020-80003293-CU-WM-GDS) |
| STATE PERSONNEL BOARD, | |
| Defendant and Respondent; | |
| DEPARTMENT OF VETERANS AFFAIRS, | |
| Real Party in Interest and Respondent. | |

The Department of Veterans Affairs (CalVet) dismissed Arno Patrick Kuigoua from his employment as a registered nurse at a CalVet residential care facility after it determined he had committed numerous instances of misconduct.  The State Personnel Board (Board) sustained the dismissal and Kuigoua petitioned the trial court for a writ of

1

administrative mandate seeking to set aside the Board's decision. The trial court denied the petition.

Kuigoua now contends (1) the administrative law judge (ALJ) abused her discretion in denying Kuigoua's motions for a continuance, (2) the trial court abused its discretion in denying Kuigoua's motion to augment the administrative record, and (3) the penalty of dismissal was excessive and unsupported by the evidence.

Finding no abuse of discretion, we will affirm the trial court's order denying the petition for writ of administrative mandate.

BACKGROUND

Kuigoua's responsibilities as a registered nurse at a CalVet residential care facility included providing care, conducting assessments, identifying needs, and developing and implementing care plans. CalVet dismissed Kuigoua for numerous incidents, including making inappropriate sexual comments and gestures to coworkers, being rude to subordinates and supervisors, failing to complete comprehensive assessments and updated care plans after a resident's multiple falls, failing to arrange for an escort to help a resident return after a medical procedure, and refusing to follow instructions about nursing tasks and resident care.

The events supporting dismissal included the following:

- Kuigoua commented to a coworker about the size of his condoms;
- he grabbed his crotch and shook it at a coworker;
- he commented to a worker of Indian descent that he "really likes Indian girls" and asked her to hook him up with her cousin;
- he failed to allow a subordinate to leave for an approved family medical appointment;
- he sent improper reprimands to a subordinate;
- he failed to assist a resident to prepare for a colonoscopy;
- he failed to assist with resident care when needed;

2

- he failed to complete a comprehensive nursing assessment, a fall risk assessment, and care plan update after a resident had several falls; and

- he failed to arrange for an escort to help a resident return to the clinic after a medical procedure.

At a *Skelly* hearing, the dismissal was upheld, and Kuigoua appealed to the Board.[1]  An ALJ held a hearing and issued a proposed decision upholding the dismissal based on inexcusable neglect of duty, insubordination, dishonesty, discourteous treatment, willful disobedience, and other failure of good behavior.  (Gov. Code, § 19572.)  The Board adopted the ALJ's proposed decision.

Kuigoua filed a petition for writ of administrative mandate, seeking an order setting aside the Board's decision.  The trial court denied the petition.

STANDARD OF REVIEW

The Board is an adjudicatory body that reviews discipline imposed by an appointment authority -- here, CalVet.  The Board weighs evidence, determines facts, and exercises discretion.  (*Gonzalez v. State Personnel Bd.* (1995) 33 Cal.App.4th 422, 428.)  On a petition for writ of administrative mandate challenging a Board decision, the trial court must determine "whether the [Board] has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the [Board] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."  (Code Civ. Proc., § 1094.5, subd. (b).)  "Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are

---

[1]  *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194.

3

not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." (Code Civ. Proc., § 1094.5, subd. (c).) When a party appeals the trial court's order denying a petition for writ of administrative mandate, we review the Board's decision independently, applying the same standard as the trial court. (*Carrancho v. California Air Resources Board* (2003) 111 Cal.App.4th 1255, 1275 (*Carrancho*).)

DISCUSSION

I

Kuigoua contends the ALJ abused her discretion in denying Kuigoua's motions for a continuance.

A

Kuigoua's union, Service Employees International Union, Local 1000 (SEIU), provided Kuigoua with legal representation when he appealed his dismissal to the Board. An evidentiary hearing was set for April 3, 2019, but in a letter dated March 7, 2019, SEIU informed Kuigoua that it would no longer provide representation to him in the Board proceeding because his case lacked merit.

On March 19, 2019, Kuigoua filed a motion to continue the hearing, declaring that he received the SEIU letter by mail on March 11, 2019. He claimed it would be "virtually impossible for anyone to take over such a large case" so close to the scheduled evidentiary hearing. Kuigoua added that he had not yet received essential documents he had sought through discovery. CalVet opposed the motion for a continuance because witnesses had been subpoenaed and counsel was ready to proceed.

On March 22, 2019, the ALJ denied the motion to continue the hearing, ruling that without more, a simple withdrawal of representation did not establish good cause for a continuance and Kuigoua did not affirmatively show that the interests of justice required a continuance. According to the ALJ, CalVet had established that a continuance would

4

be prejudicial, Kuigoua had not established that the documents he sought to obtain through discovery were essential, and a continuance would have a negative impact on the Board's calendar. The ALJ further observed that if a continuance were granted, the Board would violate Government Code section 18671.1 by not holding the hearing within six months after the filing of the appeal, and Kuigoua refused to waive the time limitation.

On March 25, 2019, Kuigoua waived the time limitation under Government Code section 18671.1 and again moved for a continuance. The ALJ denied the motion, and an evidentiary hearing took place on April 3, 2019.

B

Kuigoua argues the trial court was wrong in stating that Kuigoua did not have a right to be represented by counsel at the evidentiary hearing. It is true that in its order denying Kuigoua's petition for writ of administrative mandate, the trial court noted that, generally, parties have no right to representation by counsel in civil cases, citing *White v. Board of Medical Quality Assurance* (1982) 128 Cal.App.3d 699, 707. But we need not consider what the trial court said because our focus is on the Board's decision, which we review independently. We do not rely on any statements, findings, or rulings of the trial court on appeal, and Kuigoua cannot obtain reversal by challenging statements made by the trial court. (*Carrancho, supra*, 111 Cal.App.4th at p. 1275.)

Kuigoua next argues, more to the point, that the ALJ abused her discretion in denying the motions for continuance. While we are sympathetic to the difficulties attendant in losing representation within weeks of an evidentiary hearing, our review of the record and the applicable regulation governing continuances indicates Kuigoua has not established an abuse of discretion.

Continuances for administrative hearings are governed by section 60.2 of title 2 of the California Code of Regulations (hereafter section 60.2). Section 60.2 requires the moving party to include in the motion all facts that support the request to continue the

5

hearing.  (§ 60.2, subd. (c)(2).)  It also provides that a motion for continuance based on an assertion of good cause will only be considered if filed within 10 days after the need for a continuance is discovered.  (§ 60.2, subd. (b)(1).)  In addition, it sets forth circumstances that may indicate good cause, including (A) the unavailability of an essential witness, (B) the unavailability of a party or counsel due to death, illness, or other excusable circumstances, (C) the substitution of counsel, but only where there is an affirmative showing that the substitution was required in the interests of justice, and (D) a party's excused inability to obtain essential testimony, documents, or other material evidence despite diligent efforts.  (§ 60.2, subd. (b)(1).)

The letter from SEIU indicating that it would no longer provide representation to Kuigoua was dated March 7, 2019.  The proof of service for the letter indicated it was not only mailed to Kuigoua on that date, but also e-mailed to him at the e-mail address Kuigoua had provided on his motion.  Kuigoua did not file his initial motion for continuance until March 19, 2019, more than 10 days after the letter had been e-mailed to him.  Although Kuigoua's motion declared that he did not receive the SEIU letter until March 11, 2019, the proof of service indicated otherwise.  Kuigoua's motion was arguably untimely.  (§ 60.2, subd. (b)(1).)

In any event, Kuigoua's motions did not sufficiently include all the facts that would support the request to continue the hearing, as required by section 60.2, subdivision (c)(2).  For example, he did not adequately explain whether he would in fact seek other counsel or what efforts he had already made to obtain other counsel.  In addition, he did not make the showings required by section 60.2, subdivision (b)(1).  If his asserted good cause was based on his unavailability or the unavailability of counsel, he did not sufficiently show or argue excusable circumstances as required by section 60.2, subdivision (b)(1)(B).  If his asserted good cause was based on the need for substitution of counsel, he did not adequately show or argue the interests of justice as required by section 60.2, subdivision (b)(1)(C).  And if his asserted good cause was based

6

on his inability to obtain documents, he did not sufficiently show or argue that his inability was excused, that the documents were essential, or that he made diligent efforts, as required by section 60.2, subdivision (b)(1)(D). Moreover, Kuigoua did not address CalVet's contention that a continuance would cause prejudice, a matter the ALJ was required to consider under section 60.2. subdivision (d)(4). On this record, it was not an abuse of discretion to deny the continuance because Kuigoua did not make the showing required by section 60.2.

In his briefing on appeal, Kuigoua did not cite section 60.2 or base his arguments on that regulation. Instead, he cited *Vann v. Shilleh* (1975) 54 Cal.App.3d 192. In that civil court case, counsel withdrew on a Friday in a matter that was set for the following Monday, and the trial court denied a motion to continue to obtain new counsel. The denial was based on the trial court's policy of never granting continuances. (*Id*. at p. 195.) The Court of Appeal concluded the denial of the motion to continue was an abuse of discretion under the circumstances because the trial court had a policy of not granting continuances and the trial court had a duty to protect the litigant from counsel's improper abandonment. (*Id*. at pp. 197-199.)

*Vann* is distinguishable in a number of ways. Here, section 60.2 sets forth required showings that Kuigoua did not satisfy and that were not applicable in *Vann*. Also, while the record indicates SEIU declined to provide representation within weeks of the evidentiary hearing, it was never established in this matter that SEIU improperly "abandoned" Kuigoua. Furthermore, there is no indication the ALJ had a policy of never granting continuances.

Kuigoua's contention lacks merit.

## II

Kuigoua next contends the trial court abused its discretion in denying Kuigoua's motion to augment the administrative record.

7

Subdivision (e) of Code of Civil Procedure section 1094.5 allows a trial court in an administrative mandate case to admit and consider evidence that a reasonably diligent party could not have produced at the administrative hearing. Generally, judicial review is confined to the record of the administrative hearing, but a trial court may receive additional evidence if the conditions of section 1094.5, subdivision (e) are present. (*Sierra Club v. California Coastal Com.* (2005) 35 Cal.4th 839, 863.) We review the trial court's exclusion of such evidence for abuse of discretion. (*Evans v. City of San Jose* (2005) 128 Cal.App.4th 1123, 1143.)

The ALJ found that a resident at the residential care facility had fallen more than once and then died, and that the death was caused by acute respiratory failure and aspiration pneumonia. The ALJ did not attribute the falls or death to anything Kuigoua did or did not do. But it found that Kuigoua had failed to complete the required comprehensive nursing assessment, fall risk assessment, and care plan update for the resident after a fall. The finding of misconduct was based on failure to perform duties necessitated by the falls.

Later, in the trial court, Kuigoua sought to augment the administrative record to include a subsequent investigative report by the Department of Social Services pertaining to the decedent. The report, which was dated after Kuigoua's administrative hearing, noted that although the resident died soon after one of his falls, the allegations that staff negligence caused the falls and death were unsubstantiated. The trial court denied the motion to augment.

The trial court did not abuse its discretion in denying the motion to augment. Although the proffered report by the Department of Social Services found unsubstantiated the allegations that staff negligence caused the falls and death, it did not say that Kuigoua had properly performed all of his required duties. It did not exonerate Kuigoua of misconduct. Because the report was not relevant to whether Kuigoua failed to properly perform his job duties or was lawfully dismissed, and because the Board did

8

not have the report when it made its decision, the trial court did not abuse its discretion in excluding the report.

III

In addition, Kuigoua argues the penalty of dismissal was excessive and unsupported by the evidence.

The Board "is an agency of constitutional authority; hence, once the [Board] renders a decision, its determination regarding whether the facts justify discipline and, if so, what the appropriate penalty should be, will not be disturbed in a mandamus proceeding unless the [Board] patently abused its exercise of discretion by acting arbitrarily, capriciously, or beyond the bounds of reason.  [Citations.]"  (*County of Siskiyou v. State Personnel Bd.* (2010) 188 Cal.App.4th 1606, 1615.)

"In considering whether an abuse of discretion occurred in the discipline of a public employee, the overriding consideration is the extent to which the employee's conduct resulted in, or if repeated is likely to result in, harm to the public service.  Other factors include the circumstances surrounding the misconduct and the likelihood of its recurrence."  (*Warren v. State Personnel Bd.* (1979) 94 Cal.App.3d 95, 107-108.)

Kuigoua asserts that the penalty of dismissal was clearly excessive, especially considering the finding by the Department of Social Services that the resident's falls and death were not a result of staff neglect.  But as we have noted, Kuigoua's dismissal was not based on the resident's falls or death.  Indeed, the ALJ recognized it was unknown whether a proper assessment and care plan would have successfully prevented the subsequent falls.

Considering Kuigoua's sexual misconduct, rude and discourteous behavior, insubordination, and failure to fulfill his responsibilities, dismissal was well within the realm of discretion afforded to the Board in its constitutional authority as the body assigned to make such decisions.  And the numerous incidents of misconduct made it

9

reasonable to infer Kuigoua would continue to engage in conduct harmful to the public service if he remained in his job.  The Board did not abuse its discretion.

DISPOSITION

The order denying the petition for writ of administrative mandate is affirmed. CalVet is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


/S/
MAURO, Acting P. J.

We concur:


/S/
HOCH, J.


/S/
BOULWARE EURIE, J.

10