[Civ. No. 40739. Second Dist., Div. Five. Sept. 5, 1973.]

ERNEST W. HAHN, INC., Plaintiff and Respondent, v.
NORT-CET CORPORATION, Defendant and Appellant.

## COUNSEL

Rothman & Hamilton and Michael E. Schwartz for Defendant and Appellant.

Barrett, Stearns, Collins & Gleason and Jack R. Stearns for Plaintiff and Respondent.

## OPINION

**KAUS, P. J.**—In January 1968 plaintiff and defendant entered into a written contract pursuant to which plaintiff was to demolish an existing structure and build a market. The contract price was $234,833. It is clear from the record—which obviously is just the tip of the iceberg—that difficulties of one kind or another arose between the parties. Eventually plaintiff sued defendant in the municipal court for $4,114—the precise amount of the judgment recovered more than two and one-half years later in the superior court—claiming that the contract price had been $238,947 and admitting payment of $234,833. What plaintiff concededly proved, however, was an original contract in the sum of $234,833 modified, according to the findings, by three written amendments, also called "extras" or "change orders," totaling $4,114. The sufficiency of the evidence to support the findings and the judgment is not challenged; nor is it claimed that the trial court committed error during the trial. Indeed, we have no record of the actual trial proceedings.

In the intervening 32 months during which this action was pending below, the parties had filled the file with just about every pleading and motion known to the law. First there was a cross-complaint which moved the case to the superior court. Then there was a demand for a bill of particulars which was good for several appearances. Discovery proceedings and motions for sanctions then occupied the center of the stage. Several requests for admissions were filed and responded to. ▮ Finally, on the day of trial, a motion for judgment on the pleadings

was denied. This denial is the only issue raised on the appeal from the judgment.[1]

We decline to assess blame for making a procedural mountain out of a substantive molehill. We also refuse to join the parties in the outdated game they chose to play in the trial court.[2] What it all boils down to is this: Fairly early in the proceedings plaintiff successfully resisted the request for a bill of particulars by dismissing a common count for work and labor in the sum of $4,114, thereby restricting the complaint to the express contract for $238,947. During the course of the argument on that day counsel for plaintiff made certain statements such as "there weren't any change orders" which, considered alone, indicated that he was planning to prove that the contract, as originally entered, was at the $238,947 figure. It is undenied, however, that in various ways between April 1970 and December 1971, when the case was tried, the defense learned precisely that plaintiff intended simply to prove up the three changes to the contract totaling $4,114.[3]

[1]Defendant also appeals from the nonappealable denial of the motion for judgment on the pleadings.

[2]On April 2, 1970, at the close of one of the super-technical motions brought on before him, the trial judge ended the proceedings by saying: "All right, get on with your lawsuit, Gentlemen." They did not.

[3]When challenged to prove that the alleged variance between the pleading and the proposed proof caused prejudice to the defense, the following colloquy took place just before the court denied the motion for judgment on the pleadings:

"[DEFENSE COUNSEL]: At the time of this hearing on April 2, the Court in connection with a demand for a bill of particulars stated, 'Now, with the common count out. . .'" That is the second count under which I was entitled to a bill of particulars.

"I stipulated to the dismissal of the common count which would entitle me to the bill of particulars based upon Mr. Stearns' representations that there was no change orders; that he was not proceeding on change orders.

"He was proceeding on the contract itself, and the Court said very specifically, as I quoted to the Court, that if there were change orders I am entitled to the bill of particulars, and we proceeded on the basis of a fixed contract price in a certain amount without regard to change orders.

"Now, I am very substantially prejudiced in this. I have a right to a bill of particulars based upon the common count.

"The Court permitted the Plaintiff to say, 'Well, I am not proceeding under change orders. I am not proceeding under that. I am proceeding under a fixed contract price of $238,900.00.'

"THE COURT: That is what he said according to this transcript.

"[DEFENSE COUNSEL]: That is right, and based upon his representation I stipulated to the dismissal of the Second Cause of Action, the common count. The Court very specifically stated that I had a right to a bill of particulars under the common count.

"Now, I have been substantially prejudiced. The Court went on to say, 'You have

As noted, on appeal defendants argue that their trial day motion for judgment on the pleadings should have been granted. Plaintiff claims, citing extensive authorities, that whatever procedural device defendant had then available, a motion for judgment on the pleading was not it.

This sort of thing is undoubtedly good clean fun in connection with a law school course on practice and procedure. It is definitely misplaced in an age where overburdened trial and appellate courts must be concerned with just results, rather than compliance with procedural punctilio as an end in itself.

The fact is that defendants were well aware of plaintiff's theory, that the case was tried on its merits, that evidently no faintly arguable error occurred during the trial—otherwise we surely would have heard about it—and that the judgment is for a comparatively trifling sum which defendants apparently owe.

If there was error, this appeal is a textbook occasion for application of the provisions of section 475 of the Code of Civil Procedure. (See *Pilch* v. *Milikin,* 200 Cal.App.2d 212, 221 [19 Cal.Rptr. 334].)

Affirmed.

Ashby, J., and Hastings, J., concurred.

---

an issue of fact that is based upon a contract, not a common count, not upon change orders or other matters that may be the subject of a common count.'

"Now, we come to trial and Mr. Stearns says, 'Well, wait a second—

"THE COURT: Mr. Schwartz, the question is in the ensuing year-and-a-half of discovery and preparation have you learned what the position of the Plaintiff was in connection with this four thousand dollar item?

"[DEFENSE COUNSEL]: Yes, your Honor. He has furnished us with copies of the change orders, except that we have one problem here.

"We have a problem in the fact that I could have by the bill of particulars limited his proof in this matter, and, now, a bill of particulars is an amplification of the Complaint. He would have had to furnish a bill of particulars and he would have been limited to the proof set forth therein.

"Now, I am substantially prejudiced. If he wants to go back in and reinstate his common count and furnish us with a bill of particulars, and have the trial continued over till when I have that information, and proceed on that basis it is satisfactory to me, but I am highly prejudiced by the change in his position."

In view of the absence of a record of the trial, we cannot tell whether the claim of prejudice—even if theroetically in the cards—had any basis in fact.