Filed 11/3/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Estate of MARGOR DAYAN, Deceased. | B268416 |
| ERMOND JOSEPH NATHANSON, | (Los Angeles County Super. Ct. No. LP016722) |
| Plaintiff and Appellant, | |
| v. | |
| ANTHONY M. NATHANSON, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

Orren & Orren and Tyna Thall Orren; David A. Shapiro for Plaintiff and Appellant.

Wilheim & Wilheim and Steven C. Wilheim for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff, Ermond J. Nathanson, and defendant, Anthony M. Nathanson, are brothers. Plaintiff appeals after the probate court denied his Probate Code[1] section 850, subdivision (a)(2) petition for an order conveying commercial real property in North Hollywood (the property). In addition, the probate court denied plaintiff's judgment on the pleadings motion. The judgment on the pleadings motion asserted that defendant had violated the will's no contest clause.

The testator, Margor Rachael Dayan, the mother of plaintiff and defendant, had an interest in the property. Her will conveyed all her rights, title, and interests in the property to plaintiff's trust. Plaintiff filed a petition for an order to establish that Ms. Dayan's estate had title to the property in its entirety. Defendant opposed the section 850, subdivision (a)(2) petition asserting he owned a one-third interest in the property. Also, plaintiff filed a petition asserting defendant had violated the will's no contest clause. Plaintiff filed a separate judgment on the pleadings motion raising the no contest cause issue.

Following trial, the probate court ruled defendant owned a one-third interest in the property. The probate court denied plaintiff's judgment on the pleadings motion. We affirm the probate court's orders in their entirety.

---

[1] Further statutory references are to the Probate Code unless otherwise noted.

2

## II.  BACKGROUND

### A.  Title in the Property Prior to Execution of the Will

On July 27, 1978, a grant deed was executed transferring title in the property in joint tenancy to:  Ms. Dayan; Ms. Dayan's daughter, Tama Dayan Nathanson (now Tama Marantz); plaintiff; and defendant.  The devisees were doing business as Dayan and Dayan Enterprises.  The grant deed was recorded on August 7, 1978.  A quitclaim deed, recorded on August 11, 1983, transferred title to Ms. Dayan, Ms. Marantz and defendant as joint tenants doing business as Dayan and Dayan Enterprises.  A quitclaim deed recorded February 26, 1986, transferred title in the property to defendant or Ms. Dayan as trustees under an agreement dated January 30, 1986.  A quitclaim deed recorded on September 17, 1986, corrected the February 26, 1986 quitclaim deed by transferring title in the property as follows:  defendant and Ms. Dayan as trustees of the Nathanson Family Trust of 1986 (Nathanson Trust) received an undivided one-third interest; Ms. Marantz received an undivided one-third interest; and *defendant received an undivided one-third interest.*

A quitclaim deed recorded October 25, 1993, transferred title in the property from Anton Peter Marantz to Ms. Marantz, a married woman, as her sole and separate property.  A trust transfer deed recorded March 22, 1994, transferred Ms. Marantz's individual title to her as trustee of the Tama Marantz Family Trust dated March 16, 1994 (Tama Trust). A May 16, 2002 quitclaim deed transferred title in the property from Ms. Marantz as the Tama Trust trustee to defendant and Ms. Dayan

3

as the Nathanson Trust trustees.  By the time of the will's execution, defendant had a one-third interest in the property.

B.  The November 20, 2009 Will

On November 20, 2009, Ms. Dayan executed the "Last Will and Testament of Margor Rachel Dayan" (the will).  Ms. Dayan's will indicates that her late husband, Louis Nathanson, had predeceased her on an unspecified date.  (No issue was raised in the probate court or on appeal concerning Ms. Dayan's late husband's right to the property.)  Defendant and plaintiff are the will's co-executors.  The November 20, 2009 will revoked all previous wills, trusts, and codicils, including two prior wills dated October 19, 2008, and April 28, 2009 and the Nathanson Trust.

The will bequeathed various real and personal property to Ms. Marantz, defendant, and plaintiff.  As to the property, the will provides in pertinent part, "Further, I direct my [c]o-Executors to transfer to the [Ermond J. Nathanson Testamentary Trust] all title, rights and interests in the real property known as 11470 Vanowen Street, North Hollywood, California . . . ."  Further, the will states, "It is my intention by this [w]ill to dispose of all property of my probate estate."

The will also contains a no contest clause.  The no contest clause provides in pertinent part:  "If any devisee, legatee or beneficiary under this Will, or any heir of mine or any person claiming under this Will or any trust established by me, directly or indirectly:  [¶]  a.  Contests or in any manner attacks or seeks to impair or invalidate any of the provisions of this Will or the Revocation of Trust executed concurrently herewith;  [¶] . . .  [¶] f.  Asserts a community property, quasi-community property

4

and/or separate property interest in any asset in contravention of any document executed by me; [¶] . . . [¶] then, in that event, all such legacies, bequests, devises and interests given under this Will to that person shall be forfeited as though he or she predeceased me without issue." Ms. Dayan died on May 20, 2012.

C. Petitions, Judgment on the Pleadings Motion and Defendant's Responses Thereto

On September 11, 2012, plaintiff filed a petition for probate of the will and for letters testamentary. The inventory and appraisal of Ms. Dayan's estate indicates Ms. Dayan owned only a two-thirds interest in the property. On March 14, 2014, plaintiff filed a petition to remove defendant as a representative under section 8502, subdivision (d).[2] Plaintiff asserts defendant had claimed a one-third interest in the property separate from the estate. Plaintiff contends defendant's actions conflicted with the no contest clause of the will. Plaintiff also alleges that defendant made claims which other interested parties assert belong to the estate.

---

[2]     Section 8502 states: "A personal representative may be removed from office for any of the following causes: [¶] (a) The personal representative has wasted, embezzled, mismanaged, or committed a fraud on the estate, or is about to do so. [¶] (b) The personal representative is incapable of properly executing the duties of the office or is otherwise not qualified for appointment as personal representative. [¶] (c) The personal representative has wrongfully neglected the estate, or has long neglected to perform any act as personal representative. [¶] (d) Removal is otherwise necessary for protection of the estate or interested persons." [¶] (e) Any other cause provided by statute."

5

On August 27, 2014, plaintiff filed a section 850, subdivision (a)(2) petition for orders: establishing that Ms. Dayan's estate owned the property in its entirety; directing defendant to transfer title to the estate; and for other appropriated orders. Plaintiff relied on various changes in ownership interest in the property as reflected in the trust and quitclaim deeds recorded since 1978. Plaintiff admitted defendant held a one-third legal title in the property. But according to plaintiff, Ms. Dayan had 100 percent equitable title in the property at the time of her death. On October 29, 2014, defendant filed his response to the section 850, subdivision (a)(2) petition. Defendant's response argues: the 1978 to 1986 deeds transferred one-third of the interest in the property to him; Evidence Code section 622 provides that the facts in a written instrument are presumed be true; Ms. Dayan's death did not change the effect of the deeds nor the presumption as to their truth ; and his one-third interest was unconditional.

### D. Petition to Enforce No Contest Clause and Motion for Judgment on the Pleadings

On November 6, 2014, plaintiff filed a petition to enforce the will's no contest clause. Plaintiff argues defendant's response to the section 850, subdivision (a)(2) petition was a pleading that contravened the will's provisions. Plaintiff requests that defendant's interest in Ms. Dayan's estate be deemed forfeited. Plaintiff also requests defendant be removed as co-executor of the estate. Defendant objected to plaintiff's November 6, 2014 petition. Defendant objection argues plaintiff's petition to enforce

the no contest clause should be heard after the section 850, subdivision (a)(2) petition trial.

On January 28, 2015, plaintiff moved for judgment on the pleadings. The judgment on the pleadings motion was premised on all papers that had been filed. The judgment on the judgment on the pleadings motion's synopsis states: "[Defendant] claims a one-third interest in real property belonging to [Ms. Dayan] that she bequeathed in her [w]ill to a testamentary trust. [Defendant] claims that [Ms. Dayan] cannot transfer this one-third interest into the testamentary trust because of [defendant's] purported interest in the property. The [w]ill contains a no contest clause that provides that if anyone asserts a property interest in any asset in contravention of the [w]ill, that person forfeits his interest in the [w]ill as though he predeceased [Ms. Dayan] without issue. There is no provision in the no contest clause that limits the claim that constitutes the contest to any invalid claim or any claim not brought in good faith. After being warned on numerous occasions of the consequences of pursuing this claim, [defendant] filed an objection to [the section] 850 petition to confirm [Ms. Dayan's] interest in the asset." According to the petition, defendant did not have an equitable interest in the property. The judgment on the pleadings motion asserts, "All that matters is that a party seeks to invalidate a transfer based on their claim that they have a property interest in the subject property. Thus, here, the law and facts compel the forfeiture of [defendant's] interest in the estate of [Ms. Dayan].

7

## E. Trial and Final Order

### 1. Trial testimony

Trial regarding the section 850, subdivision (a)(2) petition was held on August 24, 2015. Daniel Cheren, an estate planning attorney, testified on plaintiff's behalf. Mr. Cheren testified as to Ms. Dayan's capacity: "She was always, was even to the last time that I met her, a very intelligent woman, very gifted woman, a woman that was very sure of her own mind, sure of her own desires, understood what her property was." Mr. Cheren prepared the 2007 quitclaim deed which transferred Ms. Dayan's interest in the property as trustee of the Nathanson Trust to her as an individual. Mr. Cheren was unaware that defendant had a one-third interest in the property. Mr. Cheren also prepared the will. Mr. Cheren testified Ms. Dayan believed she had full interest in the property. Mr. Cheren also testified, "She was very clear as to . . . what she wanted to do, who was in her will, who was out of her will." Mr. Cheren never looked for any deeds or the chain of title concerning the property when preparing the will.

Defendant testified he never paid or received any money for his one-third interest in the property. Defendant testified Ms. Dayan did not want plaintiff to own property. Defendant testified Ms. Dayan never requested he give up his one-third interest in the property. Plaintiff testified he owns a boat repair shop located on the property. His parents helped finance his business and other costs, including the rent, mortgage, utilities and repairs. Plaintiff, in exchange, gave his income to his

parents. In plaintiff's view, Ms. Dayan had a very controlling personality.

## 2. Tentative and final statements of decision

On September 17, 2015, the probate court issued its tentative statement of decision. The probate court found Mr. Cheren's testimony that Ms. Dayan possessed full title to the property was unpersuasive. The probate court found it was not plausible that Ms. Dayan would not have remembered defendant owned a one-third interest in the property. Mr. Cheren admitted he did no research to determine ownership of the property. Defendant's interest was easily discoverable by a simple property search. During Ms. Dayan's lifetime, both plaintiff and Ms. Marantz relinquished title to the property. However, Ms. Dayan never made any request to defendant to do the same. The probate court found: "If [Ms. Dayan] wished to have the entire . . . property transferred for the benefit of [plaintiff], she would have taken efforts to quiet title against [defendant], or make a demand that [defendant] relinquish his one third ownership interest in the . . . property. Since [Ms. Dayan] did not initiate[] a quiet title or demand [defendant] relinquish ownership, the court finds that it was [Ms. Dayan's] intent in signing the 2009 will for [defendant] to retain his one-third ownership and the trust prepared for the benefit of [plaintiff] to receive the remaining two-thirds ownership."

At the same time, the probate court also denied plaintiff's judgment on the pleadings motion. The probate court ruled it could not determine, based on the face of the pleadings, whether defendant's actions violated the no contest clause. The probate

9

court ruled, "From the face of the [papers], the court cannot determine if the no contest clause is enforceable or if [defendant's] actions triggered the provisions of the no contest clause." The probate court ruled additional facts were potentially necessary in order to judiciously rule on the no contest issue after a trial or summary judgment motion. The probate court ordered a further hearing regarding plaintiff's petition to enforce the no contest clause. On October 19, 2015, the probate court issued its final statement of decision and formally denied the section 850, subdivision (a)(2) petition and the judgment on the pleadings motion. This appeal followed.

## III. DISCUSSION

### A. The Probate Court Did Not Err by Denying Plaintiff's Section 850, Subdivision (a)(2) Petition

Generally, we interpret written instruments de novo. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865-866; *Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439-1440; *Ike v. Doolittle* (1998) 61 Cal.App.4th 51, 73.) We review the probate court's resolution of disputed facts for substantial evidence. (*De Anza Enterprises v. Johnson* (2002) 104 Cal.App.4th 1307, 1315; *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) Substantial evidence supports the probate court's findings.

The will provided that "all title, rights and interests in the . . . property" would go to plaintiff's trust. Ms. Dayan's intent was also described in the will, "It is my intention by this Will to dispose of all of the property of my probate estate." Thus, a fair

10

reading of Ms. Dayan's will is she did not intend to convey property not a part of her probate estate. The will is silent as to whether Ms. Dayan had full title of the property. The probate court correctly examined evidence outside of the will to resolve this issue.

The probate court found Ms. Dayan intended to convey a one-third interest in the property to defendant. It is uncontradicted the August 11, 1983 quitclaim deed transferred title to Ms. Dayan, Ms. Marantz and *defendant* as joint tenants doing business as Dayan and Dayan Enterprises. And the February 26, 1986 quitclaim deed transferred title in the property to *defendant* or Ms. Dayan as trustees under a January 30,1986 agreement. Then the September 17, 1986 quitclaim deed corrected the February 26, 1986 quitclaim deed. The September 17, 1986 quitclaim deed transferred title as follows: an undivided one-third interest was conveyed to *defendant* and Ms. Dayan as trustees of the Nathanson Trust; Ms. Marantz received an undivided one-third interest; and *defendant* received an undivided one-third interest. The quitclaim deeds relinquished whatever rights Ms. Dayan may have had in the property at the time of the September 17, 1986 transfer. (*City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 239; *In re Marriage of Gioia* (2004) 119 Cal.App.4th 272, 281.) A quitclaim deed operates as a release of a grantor's interest in the property. (*Buller v. Buller* (1944) 62 Cal.App.2d 687, 694-699; *Westlake v. Silva* (1942) 49 Cal.App.2d 476, 478.) And, as can be noted, on September 17, 1986, Ms. Dayan only conveyed a one-third interest in the property entirely to defendant. In our case, no subsequently executed quitclaim deed could override or affect the September 17, 1986 quitclaim deed which conveyed the one-third

interest to defendant.  (*Werner v. Graham* (1919) 181 Cal. 174, 185; *Rosenthal v. Landau* (1949) 90 Cal.App.2d 310, 313.)  The legal effect of the September 17, 1986 quitclaim deed is sufficient to convey the one-third interest in the property to defendant. Moreover, the language appearing in the September 17, 1986 quitclaim deed demonstrates an intention to convey a one-third interest to defendant.

And, the probate court noted Mr. Cheren described Ms. Dayan as a very intelligent woman with a very smart mind.  Mr. Cheren testified that Ms. Dayan knew exactly what her property was and who she wanted in and out of the will.  Ms. Dayan executed 3 wills within 13 months, from October 2008 to November 20, 2009, the date the will currently under consideration was executed.  As evidenced by the quitclaim and grant deeds, Ms. Dayan had plaintiff and Ms. Marantz return their interests in the property, but never did the same for defendant.  There is no evidence that Ms. Dayan ever sought to quiet title nor requested defendant relinquish his one-third interest in the property.  The probate court could reasonably find Mr. Cheren's testimony that Ms. Dayan did not intend to give defendant one-third interest was unpersuasive in light of other evidence.  Furthermore, the under oath inventory and appraisement, signed by plaintiff and defendant, states Ms. Dayan's estate held only a two-thirds interest in the property. And as to the issue of intent, defendant testified Ms. Dayan did want plaintiff to have an interest in the property.

Plaintiff contends the probate court erred by not considering the no contest clause when interpreting the will to determine whether defendant had a one-third interest in the property.  To begin with, there is no evidence the trial court

12

refused to give any consideration to the no contest clause in terms of Ms. Dayan's intent.  The no contest clause does not prove Ms. Dayan did not intend to have defendant own one-third of the property separate from her probate estate.  The no contest clause's language does not identify the extent of Ms. Dayan's property interests when the will was executed nor those of defendant.  Accordingly, the probate court did not err in denying plaintiff's section 850 petition and finding that defendant owned a one-third interest in the property.

## B.  The Order Denying the Judgment on the Pleadings Motion

### 1.  Introduction

Plaintiff argues the probate court should have granted his judgment on the pleadings motion.  This contention raises two issues.  The first issue is defendant argues the order denying plaintiff's judgment on the pleadings motion, resolved contemporaneously with the section 850, subdivision (a)(2) petition, is not appealable.  The second issue is whether defendant violated the no contest clause when he filed an opposition to the section 850, subdivision (a)(2) motion.  We conclude the order denying the judgment on the pleadings motion may be considered in connection with the appeal from the section 850, subdivision (a)(2) issue.  In addition, we conclude that the trial court correctly denied plaintiff's motion for judgment on the pleadings.

## 2. Appealability issue

Defendant asserts the order denying plaintiff's judgment on the pleadings motion is not appealable. Defendant relies on a body of authority that an order denying a motion for judgment on the pleadings is not appealable. (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1212-1213; *Ernest W. Hahn, Inc. v. Nort-Cet Corp.* (1973) 34 Cal.App.3d 171, 173, fn. 1; see *Fire Ins. Exchange v. Superior Court* (2004) 116 Cal.App.4th 446, 452 [denial of motion for judgment on the pleadings may be reviewed by petition for writ of mandate].)

However, we agree with plaintiff that we can consider the merits of his judgment on the pleadings contention pursuant to Code of Civil Procedure section 906 which states in part, "Upon an appeal pursuant to Section 904.1 or 904.2, the reviewing court may review the . . . decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . ." Code of Civil Procedure section 906 establishes a three-part statutory test for consideration of "any intermediate" order in connection with an appeal from an appealable order. First, the intermediate order must involve the merits of the controversy under appeal. (*Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1133 (*Lopez*); *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 649 (*Abramson*).) Second, the challenged order in this case, the decision to deny the judgment on the pleadings motion, must necessarily affect the appealable order appealed from. (*Lopez, supra,* 217 Cal.App.4th at p. 1134; *Wallace v. GEICO General Ins. Co.* (2010) 183 Cal.App.4th 1390, 1396, fn. 5 (*Wallace*);

14

*Abramson, supra*, 115 Cal.App.4th at p. 649.)  Third, the order must substantially affect plaintiff's rights.  (*Lopez, supra*, 217 Cal.App.4th at p. 1134; *Abramson, supra*, 115 Cal.App.4th at p. 649; see *County of Los Angeles v. City of Los Angeles* (1999) 76 Cal.App.4th 1025, 1028.)  The parties do not dispute that the appeal from the order denying the section 850, subdivision (a)(2) petition is appealable.  (Code Civ. Proc., § 904.1, subd. (a)(10); § 1300, subd. (a).)

Here, the order denying the judgment on the pleadings motion meets all three Code of Civil Procedure section 906 criteria.  As to the first criterion, the controversy's merits, the judgment on the pleadings motion involves the dispute over the property which is the subject of the appeal.  At issue is defendant's rights to one-third of the property.  The probate court ruled defendant is entitled a one-third interest in the property.  We have the upheld the ruling denying plaintiff's section 850, subdivision (a)(2) petition.  The judgment on the pleadings motion is based in part on defendant's opposition to plaintiff's section 850, subdivision (a)(2) petition.  Further, had the judgment on the pleadings motion been granted, defendant would have *no* rights in the property because he violated the no contest clause.  Both plaintiff's section 850, subdivision (a)(2) petition and judgment on the pleadings motion involve the same core issue—defendant's rights to a one-third interest in the property.  And both pleadings involve in material part defendant's written opposition to plaintiff's section 850, subdivision (a)(2) petition.

As to the second criterion, whether the judgment on the pleadings motion ruling affects the order denying the section 850, subdivision (a)(2) petition, the issue is close.  In our view, the order denying the judgment on the pleadings substantially affects

the order denying plaintiff's section 850, subdivision (a)(2) petition.  If the judgment on the pleadings motion should have been granted, then defendant would have no rights to the property because he violated the no contest clause.  Finally, as to the third criterion, whether the parties' rights are substantially affected, the issue is not close.  As a result of the judgment on the pleadings motion ruling, as matters presently stand, defendant is entitled to a one-third interest in the property.  And as to defendant's written opposition, it has now been determined the document itself did not violate the no contest clause thereby preserving his one-third interest in the property.  Thus, we must consider the merits of the order denying plaintiff's judgment on the pleadings motion.  (Code Civ. Proc., § 906; *Wallace, supra*, 183 Cal.App.4th at p. 1396, fn. 5.)

### 3.  The no contest clause

We apply the following standard of review to an order denying a judgment on the pleadings motion:  "Because a motion for judgment on the pleadings is similar to a general demurrer, the standard of review is the same.  (*Ramirez v. USAA Casualty Ins. Co.* (1991) 234 Cal.App.3d 391, 397.)  We treat the pleadings as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [¶]  . . . We consider evidence outside the pleadings which the trial court considered without objection.  (*O'Neil v. General Security Corp.* (1992) 4 Cal.App.4th 587, 594, fn. 1.)"  (*Baughman v. State of California* (1995) 38 Cal.App.4th 182, 187.)

The three types of probate court litigation conduct that can violate a no contest clause are specified in section 21311,

16

subdivision (a): "A no contest clause shall only be enforced against the following types of contests: [¶] (1) A direct contest that is brought without probable cause. [¶] (2) A pleading to challenge a transfer of property on the grounds that it was not the transferor's property at the time of the transfer. A no contest clause shall only be enforced under this paragraph if the no contest clause expressly provides for that application. [¶] (3) The filing of a creditor's claim or prosecution of an action based on it. A no contest clause shall only be enforced under this paragraph if the no contest clause expressly provides for that application." (See *Donkin v. Donkin* (2013) 58 Cal.4th 412, 426-427 (*Donkin*); *Doolittle v. Exchange Bank* (2015) 241 Cal.App.4th 529, 539.) A direct contest is defined in section 21310, subdivision (b): "'Direct contest' means a contest that alleges the invalidity of a protected instrument or one or more of its terms, based on one or more of the following grounds: [¶] (1) Forgery. [¶] (2) Lack of due execution. [¶] (3) Lack of capacity. [¶] (4) Menace, duress, fraud, or undue influence. [¶] (5) Revocation of a will pursuant to Section 6120, revocation of a trust pursuant to Section 15401, or revocation of an instrument other than a will or trust pursuant to the procedure for revocation that is provided by statute or by the instrument. [¶] (6) Disqualification of a beneficiary under Section 6112, 21350, or 21380." In determining Ms. Dayan's intent, the no contest clause is to be strictly construed. (§ 21312; *Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 604.)

Based on the record before the probate court when it denied the judgment on the pleadings motion, no violation of the no contest clause had occurred. First, defendant has not filed a direct contest to the will within the meaning of section 21311,

17

subdivision (a)(1). A direct contest must allege a *invalidity* of a protected instrument, in this case Ms. Dayan's November 20, 2009 will. (§ 21130, subd. (b).) Defendant has not asserted any portion of Ms. Dayan's November 20, 2009 will is invalid. His contention is that he is entitled to a one-third interest in the property because of the September 17, 1986 quitclaim deed, not because of any invalidity in Ms. Dayan's will. (See *Donkin, supra*, 58 Cal.4th at pp. 433-434 [a probate pleading which only seeks an interpretation of a trust instrument and does not seek to void any part of it is not a contest]; *Estate of Strader* (2003) 107 Cal.App.4th 996, 1004 [under common law "a petition seeking to interpret a will does not ordinarily violate a no contest clause."].) Here, the gravamen of defendant's papers is to seek to enforce his rights under the September 17, 1986 quitclaim deed, not to invalidate any portion of Ms. Dayan's will.

In addition, no challenge to Ms. Dayan's transfer of the one-third interest within the meaning of section 21311, subdivision (a)(2) has occurred. Defendant has not challenged any transfer of real property because Ms. Dayan lacked the authority to execute the September 17, 1986 quitclaim deed. And the no contest clause does not expressly provide such a challenge is impermissible, a prerequisite to the application of section 21311, subdivision (a)(2). There is no creditors claim at issue as enumerated in section 21311, subdivision (a)(3). Finally, there is no merit to defendant's resulting trust analysis. Thus, based on the papers before it, the probate court correctly denied plaintiff's judgment on the pleadings motion.

## V. DISPOSITION

The orders under review are affirmed. Defendant, Anthony M. Nathanson, shall recover his appellate costs from plaintiff, Ermond J. Nathanson.

**CERTIFIED FOR PUBLICATION**


TURNER, P. J.

We concur:


KRIEGLER, J.


BAKER, J.