Filed 5/16/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RALPH COLOMBO,<br><br>　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>KINKLE, RODIGER & SPRIGGS et al.,<br><br>　　Defendants and Respondents. | G055823<br><br>(Super. Ct. No. 30-2016-00869183)<br><br>O P I N I O N |

　　　　　Appeal from a judgment of the Superior Court of Orange County, Linda S. Marks, Judge.  Affirmed.

　　　　　Ralph Colombo, in pro. per., for Plaintiff and Appellant.

　　　　　Gaglione, Dolan & Kaplan, Robert T. Dolan and Amy J. Cooper; and Andrew J. Pyka for Defendants and Respondents.

　　　　　　　　　　　*　　　　　*　　　　　*

A vexatious litigant's request to sue his attorneys for legal malpractice was denied by the superior court, as was his motion for reconsideration of that request. This court denied extraordinary relief. Undaunted, the vexatious litigant asked a different presiding judge to give him leave to file the identical legal malpractice complaint. This time, his request was granted and the current action was filed. The trial court granted a defense motion for judgment on the pleadings and dismissed the action.

As a matter of both substantive legal doctrine and fundamental fairness, litigants are only entitled to one bite at the apple. But this vexatious litigant refuses to stop biting. We conclude the doctrine of res judicata precludes a litigant from filing successive prefiling requests, and therefore, we affirm the judgment.

I

FACTS

A. *The Homeowner's Association Lawsuit*

This case has a rather tortured history involving several related matters. Detailed summaries of the facts are included in our previous opinions. (See, e.g., *Nellie Gail Ranch Owners Association v. Colombo et al.* (Mar. 24, 2008, G038603) [nonpub. opn.], *Nellie Gail Ranch Owners Association v. Colombo* (Sept. 9, 2009, G040957) [nonpub. opn.], and *Nellie Gail Ranch Owners Association v. Colombo* (Dec. 3, 2013, G047064) [nonpub. opn.].)[1]

For our purposes, suffice to say that in 2005, the plaintiff in this matter, Ralph Colombo, was sued by his homeowners association, Nellie Gail Ranch Owners Association (Nellie Gail), in Orange County Superior Court, case No. 06CC02010 (the

---

[1] There is other litigation between these parties. Starting in 2012, Colombo attempted to sue the homeowners association. (See, e.g., *Colombo v. Nellie Gail Ranch Owners Association* (Dec. 3, 2013, G047332) [nonpub. opn.], and *Colombo v. Nellie Gail Ranch Owners Association* (Nov. 30, 2016, G050879) [nonpub. opn.].)

2

Nellie Gail case).[2]  In September 2006, Colombo retained attorney Tracy Ettinghoff to defend him in that case.

In March 2007, Nellie Gail obtained a judgment and injunction preventing Colombo from continuing construction of certain improvements on his property until he obtained approval for, and completed the construction of, a single-family residence. Ettinghoff withdrew from the case in September 2008, and Colombo began to represent himself.

In December 2008, Ettinghoff sued Colombo for unpaid attorney fees (the Ettinghoff case).  (*Tracy Ettinghoff, dba The Law Office of Tracy Ettinghoff v. Ralph Colombo* (Super. Ct. Orange County, 2010, case No. 30-2008-00116090).)  According to Ettinghoff, Colombo owed him some $50,000 in attorney fees.  Colombo refused to pay Ettinghoff, according to Colombo, because Ettinghoff "failed to use the skill and care that a reasonably careful attorney would have used in similar circumstances."

Trial was continued in the Ettinghoff case once due to Colombo's health, and then again for other reasons, until April 2010.  In February 2010, the court granted Colombo leave to file a cross-complaint against Ettinghoff for, among other things, breach of professional responsibility.

*B. Colombo Hires Defendants*

In February 2010, Colombo contacted the defendants in the instant action, attorney Andrew Pyka of the law firm Kinkle, Rodiger & Spriggs (collectively defendants), about representing him in the Ettinghoff case.  For various reasons, Pyka did not agree to represent Colombo until April.  Pyka sought and received a trial continuance to October 2010 in the Ettinghoff case.

---

[2] Defendants ask us to take judicial notice of the docket in the Nellie Gail case.  Pursuant to Evidence Code sections 452 and 459, the request is granted.

3

In August, Colombo also hired defendants to represent him in the Nellie Gail case. With respect to the Ettinghoff case, Pyka was able to reach a settlement to pay a reduced amount of the fees Colombo owed. Colombo, however, refused to settle.

For our purposes, we need not delve into the details of what followed. What is important here is that by October, the relationship between attorney and client had begun to break down, and Pyka asked Colombo to sign a substitution of attorney form. Colombo refused to sign the substitution of attorney. On December 1, Pyka sent a letter to Colombo, enclosing a copy of Nellie Gail's motion seeking attorney fees and costs from Colombo in the Nellie Gail case. Pyka also enclosed a substitution of attorney form, which he asked Colombo to sign and return.

On January 14, 2011, Pyka filed an ex parte application to shorten the time on a motion to be relieved as counsel. The motion was filed thereafter. Colombo, representing himself, opposed the motion.

On March 11, the trial court tentatively granted defendants' motion to be relieved as counsel, subject to Pyka filing an opposition to the motion for attorney fees in the Nellie Gale case by April 1. The court continued the motion to that date. Pyka filed the opposition to the motion, and achieved a substantial reduction in the amount sought, from $81,307.61 to $26,250.[3] The order relieving defendants was filed on April 1, 2011.

C. *The 2012 Malpractice Case*

On March 26, 2012, Colombo, representing himself, filed a malpractice action against defendants (*Colombo v. Kinkle, Rodiger & Spriggs et al.* (Super. Ct.

---

[3] Unhappy even with this victory, Colombo, once again representing himself, filed a motion for reconsideration of the attorney fee award. Nellie Gail found this so egregious that it served him with a safe harbor letter and advised him of Nellie Gail's intent to seek sanctions for filing a frivolous motion.

Orange County, 2014, case No. 30-2012-00557051)) (the 2012 malpractice case).[4] Defendants answered the complaint, asserting multiple defenses, including the statute of limitations.

After the case had proceeded for more than two years, in October 2014, the parties agreed to dismiss the 2012 malpractice case pursuant to a tolling agreement, in order to await this court's decision in Colombo's appeal of the Nellie Gail case. The tolling agreement stated that the time period for any statute of limitations or other time-based defense would be tolled until 30 days after the issuance of the remittitur in that appeal. Defendants did not waive their existing statute of limitations defense; any defense they had, they could raise if Colombo filed a new malpractice suit after the Nellie Gail appeal was decided. Colombo dismissed the 2012 malpractice case without prejudice after the tolling agreement was signed.

*D. The Prefiling Order*

Pursuant to a motion made by Nellie Gail, on February 17, 2015, the superior court determined Colombo was a vexatious litigant. Accordingly, it entered a prefiling order pursuant to Code of Civil Procedure section 391.7,[5] which allows a court to "prohibit[] a vexatious litigant from filing any new [complaint or motion] in the courts of this state in propria persona without first obtaining leave of the . . . presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subds. (a), (d).) When such an order has been entered, the presiding judge may permit the proposed complaint or motion to be filed *only* if it appears the proposed pleading "has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subds. (b), (d).)

---

[4] The instant case is the second time Colombo has filed a malpractice case against defendants. The 2012 malpractice case was the first such instance.

[5] Subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

5

*E. Colombo's First Request to File New Litigation*

Despite the existence of the tolling agreement, on February 24, 2015, in accordance with the prefiling order, Colombo submitted a Request to File New Litigation by Vexatious Litigant (the first request) and a proposed complaint. In support, he attached numerous documents, including the prefiling order, the request to dismiss, the case summary and docket in the 2012 malpractice case, and the tolling agreement.[6]

On June 5, Judge Glenda Sanders, the presiding judge at that time, denied the first request to file. Judge Sanders's task was to decide whether Colombo's proposed complaint appeared to "ha[ve] merit" and whether it was being "filed for the purposes of harassment or delay." (§ 391.7, subd. (b).) Judge Sanders found Colombo's proposed complaint lacked merit because his claims were time-barred by the applicable statute of limitations.

Colombo aggressively sought review of this ruling. He filed a motion for reconsideration in the trial court on June 18, explaining his argument regarding the statute of limitations at some length.

While that motion was pending, on July 10, Colombo filed a notice of appeal of the order denying the first request. He neglected to file a prefiling request in this court, and we ordered him to do so. This court initially denied his request and dismissed the appeal. He filed a petition for rehearing, which this court deemed a motion for reconsideration, and we granted the motion.

In a subsequent order, we noted we were considering treating the appeal as a writ petition, and ordered the clerk to serve notice on defendants, which was the first time defendants learned of Colombo's attempt to file a new action against them. Defendants indicated they did not oppose treating the matter as a writ, and we ordered the

---

[6] Having provided notice to the parties, on our own motion and for good cause, we take judicial notice of exhibits A through E to the first request, pursuant to Evidence Code sections 452 and 459.

petition filed forthwith. Colombo subsequently filed his writ petition. Defendants were invited to, but did not, file an opposition. Approximately six weeks later, we denied the petition.

While proceedings in this court were ongoing, Judge Sanders issued an order denying Colombo's motion for reconsideration. Judge Sanders's order stated: "Mr. Colombo does not meet the requirements for a motion for reconsideration, including a showing of 'new or different facts, circumstances, or law'. . . . The Tolling Agreement was presented and considered in the [first] pre-filing request. As such, it does not constitute anything 'new' or 'different' to warrant granting a motion for reconsideration. The court also notes that the Tolling Agreement was entered into on October 31, 2014 – over two years *after* the statute of limitations period expired." Quoting *Forman v. Chicago Title Ins. Co.* (1995) 32 Cal.App.4th 998, 1006, the trial court noted that "'[t]olling can only suspend the running of a statute that still has time to run; it cannot revive a statute which has already run out.'"

*F. Colombo's Second Request to File New Litigation*

Despite having tried and failed in both the trial court and this court, Colombo submitted a second Request to File New Litigation by a Vexatious Litigant in July 2016 (the second request). Nowhere did the second request mention the first request, Judge Sanders's denial of the first request, the motion for reconsideration, or the writ proceedings. The complaint Colombo proposed to file was identical to the complaint attached to his first request. The second request was reviewed by Judge Charles Margines, presiding judge of the superior court at that time, who was undoubtedly completely unaware of the first request. Judge Margines granted the second request.

7

*G.  Defendants' Motion for Judgment on the Pleadings*

Colombo filed the complaint approved in the second request in August 2016.  In March 2017, he filed a first amended complaint, including several new causes of action that were not approved by Judge Margines.

Defendants filed a verified answer and a motion for judgment on the pleadings.  The motion for judgment on the pleadings was made on the grounds that the doctrine of res judicata precluded Colombo's second request to file.

The trial court (before Judge Linda S. Marks), granted the motion for judgment on the pleadings without leave to amend.  The court did not rely on res judicata, but determined that Colombo's claims for legal malpractice and breach of fiduciary duty were time-barred under section 340.6.  The court also found the new causes of action added in the first amended complaint were improperly pleaded because they were not included in the request for a prefiling order.

We granted Colombo's application to file an appeal addressing only whether the claims for legal malpractice and breach of fiduciary duty were time-barred and/or whether his second request to file was barred by principles of res judicata.


II

DISCUSSION

Despite the complex procedural history, this case boils down to a relatively simple legal issue:  Was Colombo's second request to file new litigation barred by res judicata?  We conclude the answer is yes.

As "'a motion for judgment on the pleadings is similar to a demurrer, the standard of review is also the same.'" (*Estate of Dayan* (2016) 5 Cal.App.5th 29, 39-40.) "We treat the pleadings as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . .  [¶]  . . . We consider evidence

8

outside the pleadings which the trial court considered without objection." (*Baughman v. State of California* (1995) 38 Cal.App.4th 182, 187.)

Although the trial court decided the motion on the basis of the statute of limitations, we address the res judicata issue instead. This was the basis on which defendants brought the motion for judgment on the pleadings, and both parties have fully briefed the issue in this court. "The judgment is to be affirmed if it is proper on any lawful grounds raised in the motion, even if the trial court did not rely on those grounds." (*DiPirro v. American Isuzu Motors, Inc.* (2004) 119 Cal.App.4th 966, 972.)

## A. Relevant Principles of Law

"Generally, '"[r]es judicata" describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'" (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 226.) Res judicata bars a subsequent claim when "'(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding.' [Citation.] Upon satisfaction of these conditions, claim preclusion bars 'not only . . . issues that were actually litigated but also issues that could have been litigated.'" (*Ibid*.)

"The doctrine of collateral estoppel or issue preclusion is a secondary form of res judicata. [Citation.] It prevents a party who had a full and fair opportunity to litigate a particular issue in a prior proceeding from relitigating it in a subsequent proceeding. [Citation.] 'A prior determination by a tribunal will be given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5)

the former decision is final and was made on the merits.'" (*McCutchen v. City of Montclair* (1999) 73 Cal.App.4th 1138, 1144.)

Both res judicata and collateral estoppel are based on the principle that a litigant is only entitled to one bite at the apple. "'The doctrine of res judicata, whether applied as a total bar to further litigation or as collateral estoppel, "rests upon the sound policy of limiting litigation by preventing a party who has had *one fair adversary hearing* on an issue from again drawing it into controversy and subjecting the other party to further expense in its reexamination."'" (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 185.)

*B. The First Request was Final, on the Merits, and Fully Litigated*

The doctrine of res judicata (and its corollary, collateral estoppel[7]) prohibit Colombo from making serial requests to file the same claims against the same defendants. Colombo argues that Judge Sanders's denial of his first request for a prefiling order was neither a "final determin[ation]" on the merits of that request, nor an "actually litigated" issue, within the meaning of the res judicata doctrine. He is wrong on both counts.

There is no factual question here that Colombo was attempting to file the same claims against the same defendants in both requests to file. The proposed complaints attached to the requests to file were identical. For res judicata to apply, we must find that the first request to file resulted in a final determination on the request's merits. It unquestionably did. As noted above, the vexatious litigant statute only permits the presiding judge to grant a request to file "if it appears that [the proposed complaint or motion] has merit and has not been filed for the purposes of harassment or delay."

---

[7] In this case, the result is the same under either res judicata or collateral estoppel. Although res judicata fits the circumstances of this case, we address the "actually litigated" prong of collateral estoppel because Colombo raises it.

(§ 391.7, subds. (b), (d).)  Here, Judge Sanders specifically stated she denied Colombo's first request to file because his proposed complaint was barred by the applicable statute of limitations.  This was a final ruling on the merits of the request to file under the vexatious litigant statutory scheme.[8]

As to whether the request to file  was "actually litigated," as required by the issue preclusion doctrine (see *Planning & Conservation League v. Castaic Lake Water Agency*, *supra*, 180 Cal.App.4th at p. 226), it was.  Colombo had the opportunity to offer any legal argument he wished at the time he submitted his first request.

## C.  Colombo's Arguments

Colombo's arguments to why claim or issue preclusion should not apply to the second request are simply unavailing.[9]  First, he points to section 391.2, part of the vexatious litigant statutory scheme, which states, in relevant part:  "[N]o determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof."  He asserts this statute means that the court's determination as to the *request itself* is not determinative; he is mistaken.  Rather, that provision means that if the case moves forward, nothing said

_____

[8] To be clear, we are not holding Colombo's *proposed complaint* was barred by the res judicata doctrine; we hold only that his second request to file the proposed complaint was so barred.  Thus, principles of res judicata would not bar Colombo from hiring an attorney to file the proposed complaint on his behalf.

[9] At several points, Colombo cites to unpublished cases to support his arguments.  As this is a violation of the California Rules of Court, rule 8.1115, we disregard them.  At one point, he seeks to justify citing an unpublished opinion under rule 8.1115 (b)(1), which permits reliance on such an opinion "[w]hen the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel."  But this only applies when the unpublished opinion is an appeal or writ from the same case or a related matter involving the same parties or parties in privity, and the question is whether res judicata, collateral estoppel, or law of the case should apply based on the earlier opinion.  Simply because an unpublished case mentions one of these doctrines does not make it citable.

11

by the court in ruling on the prefiling request is decisive. By its plain language, "issue in the litigation" refers to the substantive case the vexatious litigant is attempting to file, not the prefiling request itself.

In his next argument, Colombo appears to argue that this court's denial of his writ petition does not establish the "law of the case."[10] We believe he is attempting to argue that because we did not issue an alternative writ, the order denying his first request was therefore not sufficiently final for purposes of claim or issue preclusion. The cases he cites in support of this point, however (including the uncitable ones), are simply not on point. He offers no authority that a final order determining an issue by the superior court, and thereafter reviewed by this court, is not sufficiently final and fully litigated for purposes of res judicata.

Colombo also claims that he "sought relief" from the order denying reconsideration of his first request because he filed the second request pursuant to section 473, subdivision (b), which permits a party to obtain relief from mistake, inadvertence, surprise or excusable neglect. He claims he was entitled to relief "for having omitted to state facts, which although pleaded in the proposed complaint, were not stated in the Request for prefiling order, filed February 24, 2015, which facts are material to show that the propose[d] complaint was not time barred."

To make a motion pursuant to section 473, subdivision (b), however, a litigant is required to file a motion that indicates he or she is seeking relief under that section, and to specifically identify the error he or she seeks relief from. He or she cannot simply refile the previous motion without ever mentioning relief is being sought under section 473, subdivision (b). We do not hold today that a vexatious litigant cannot seek relief under section 473, subdivision (b), if the appropriate facts exist – but he or she must seek that relief in a procedurally proper way, and fully apprise the court of all the

_____

[10] If this is not his intended meaning, he simply misapprehends the law of the case doctrine, which does not apply here.

12

relevant facts, including the crucial fact that a prefiling order has already been sought and denied.

Colombo further argues that any "omission" he made in filing the second request must be disregarded, because it did "not affect the substantial rights of the parties." (§ 475.) He not only miscites this section of the Code of Civil Procedure, but he also ignores that his actions did impact defendants' substantial rights by forcing them to defend against claims that another judge had already decided did not meet the prefiling requirements.

*D. Policy Considerations*

Policy considerations also support our holding. The policy underpinnings of the vexatious litigant statutory scheme and claim and issue preclusion have many similarities. Both are designed to prevent the misuse of the court system and the harassment of opponents. The policy rationale behind the vexatious litigant statutes "is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 970-971.) "The vexatious litigant statutes . . . are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.) "'Their abuse of the system not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.'" (*Singh v. Lipworth* (2005) 132 Cal.App.4th 40, 44.)

Similarly, "'[t]he doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent

13

jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation.'" (*Citizens for Open Access Etc. Tide, Inc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053, 1065.) "The purposes of the [res judicata] doctrine are to promote judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system and to protect against vexatious litigation." (*Younan v. Caruso* (1996) 51 Cal.App.4th 401, 407.)

Allowing a vexatious litigant to repeatedly seek leave to file the same claims against the same parties, in the hope that a different judge will review the request, or the same judge will not recall a prior request, would undermine the policy underpinnings of both the vexatious litigant statutory scheme and the res judicata doctrine. Once the vexatious litigant's request to file has been denied because the proposed complaint lacks merit or is designed to harass or cause delay,[11] he or she cannot simply try over and over again. To allow a vexatious litigant to try to file the same case repeatedly both encourages and, potentially, rewards bad behavior, and it places additional and unnecessary burdens on the court system. Accordingly, we find no policy reason why res judicata should not apply here.

Having decided that res judicata barred Colombo's second request, we need not look further. The court's order on the first request is final and conclusive. (See *Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1192.) Accordingly, we need not consider the parties' substantive arguments on the statute of limitations. The trial court properly granted defendants' motion for judgment on the pleadings.

---

[11] Res judicata would not apply, of course, if the request to file was denied due to a technical deficiency in the request itself.

III

DISPOSITION

The judgment is affirmed.  Defendants are entitled to their costs on appeal.


                                        MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.